IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA BEAN-KEMP, *et al.*, | § | |
| | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-3111 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

ORDER

Pending before the court is a motion by the City of Houston to consolidate Civil Action No. H-11-429 with this case. Dkt. 47. Plaintiffs in this case object. Dkt. 57. After considering the motion, the response, and the applicable law, the motion is DENIED.

BACKGROUND

On January 14, 2009, a Harris County Constable responded to a call involving Catrinna Miller and her car on the Sam Houston Tollway. An altercation occurred, the details of which are a matter of dispute, but which resulted in Miller fleeing the scene in the constable's vehicle. Members of the Houston Police Department, Harris County Sheriff's Deputies, and other constables pursued Miller. A roadblock was set up on Interstate 10 in an effort to force Miller to drive over "spike strips" that would disable the vehicle Miller had taken, but she crashed into a passenger vehicle prior to encountering the spike strips.

This case was filed on August 30, 2010. Plaintiffs are the court-appointed guardians of Mecole Roques and Dexter Sewell, and the next friend of Roques's minor child. Roques and Sewell were the passengers of the car struck by the vehicle operated by Catrinna Miller on January 14, 2009. Defendants, law enforcement personnel and the entities that employ them, are alleged to have created a roadblock from privately-owned vehicles by ordering the occupants thereof to stop and block the highway, and then "pursued an emergency vehicle, traveling at speeds exceeding 80 miles per hour,

into the barricade, causing Mecole Roques and Dexter Sewell severe and permanent brain damage and other bodily injuries." Dkt. 13 at ¶ 1. Plaintiffs seek relief pursuant Civil Rights Act, 28 U.S.C. § 1983, for a state created danger, unreasonable seizure, state action that shocks the conscience, and a failure on the part of supervisory defendants to train and supervise their subordinates. *Id*.

On February 2, 2011, a state lawsuit filed by Catrinna Miller against Constable Deputy Gregory James, Constable May Walker, the City of Houston, Harris County, the Harris County Sheriff's Office, and Harris County Constable's Office Precinct Seven was removed to this court and is now before Judge Hoyt. C. A. No. H-11-429, Dkt., 1. Miller alleges that she was suffering "a severe mental health issue" when approached by Deputy James on January 14, 2009. *Id*. at ¶ 10. James physically removed Miller from her car, and she "defended herself" from being hit by a flashlight at which point James "placed a shotgun in her mouth and pulled the trigger not realizing it was unloaded." *Id*. at ¶ 11. Miller fled the scene in James's vehicle as James was attempting to load his shotgun, and she alleges she was rendered unconscious after "an accident" that occurred when law enforcement officials created a dangerous condition by laying spike strips. *Id*. at ¶¶ 11-12. Miller alleges that excessive force was used both in her initial confrontation with James, and when she was arrested after the "accident." She also seeks damages for negligence and assault.

The City of Houston is a defendant in each of the cases, and asserts that these cases should be consolidated and tried together because they involve the same pursuit and collision, and because consolidation would conserve judicial resources. Dkt. 47. Plaintiffs in this case disagree, and point out that new claims and defendants would be introduced to this lawsuit if the cases were consolidated, and that including Miller's claims of assault and use of excessive force would only confuse a jury. Dkt. 57.

## Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides that if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all

matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Broad discretion is vested in the district court in deciding whether two actions should be consolidated, and to what extent. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). However, consolidation "is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass 'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

As the City of Houston asserts, these cases do arise out of the same police pursuit and collision. However, the only common defendants in these two cases are the City of Houston and Harris County. None of the individually named officers are common defendants in the lawsuits (although individual defendants are represented by counsel for the City of Houston and Harris County). Adding additional claims and parties at this point would complicate this case for the current plaintiffs.

Further, this case is centered on the propriety of using private vehicles to create a roadblock during a police pursuit. Ms. Miller does not allege that the roadblock was improper, nor is the use of private vehicles as opposed to emergency vehicles to create the roadblock an issue in her case. Instead, Ms. Miller's case is largely focused on alleged assaultive behavior by Constable James prior to the pursuit, and by unnamed officers after the pursuit who removed her from the constable's car. Her claims of excessive force both before and after the collision are only marginally relevant to the claims made by the plaintiffs in this case, and trying these cases together is likely to confuse a jury, and to cause plaintiffs unfair prejudice. FED. R. CIV. P 42(b) (court may order separate trials to avoid prejudice to parties). Thus, consolidation would not result in a substantial conservation of judicial resources since separate trials would be appropriate in any event.

There are motions to dismiss pending in H-11-429 that are premised in part upon the criminal charges presently pending against Catrinna Miller. The court makes no comment on the merits of those motions other than to note that the ongoing state court criminal case against Miller is a

potential complicating factor that would be introduced to this case should the court grant the motion to consolidate.

Finally, the only potential benefit to be had from consolidation in this matter would be some marginal savings of expense by the City of Houston and Harris County in having these cases consolidated for pretrial purposes. That savings is offset, however, by the increased cost and effort that would be necessary for plaintiffs in this case, and Ms. Miller, from the introduction of additional and marginally relevant claims, and several individual defendants not named in their respective complaints.

Thus, while there is some relationship between this case and the case later filed at C.A. No. H-11-429, it does not appear that these cases would be tried together in any event. Further, there is no reason to believe that consolidation would result in any significant conservation of judicial resources, or that it would save the parties time and expense.

The motion to consolidate (Dkt. 47) is DENIED.

Signed at Houston, Texas on March 15, 2011.

_____
Gray H. Miller
United States District Judge