UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA BEAN KEMP, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-3111 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is a motion for partial summary judgment filed by plaintiffs Lisa Bean-Kemp, Tamika Sewell, and Tiffany Sloan ("Plaintiffs") (Dkt. 145) and a motion for leave to file a response filed by defendants City of Houston, R.T. Hatcher, Harold Hurtt, and W.G. Munoz ("Defendants") (Dkt. 154). After considering the motions and applicable law, the court is of the opinion that the motion for partial summary judgment (Dkt. 145) should be GRANTED and the motion for leave to file a response (Dkt. 154) should be DENIED.

### I. BACKGROUND AND ANALYSIS

On April 4, 2013, the court entered an order extending the dispositive motion deadline, which required that all dispositive motions be filed on or before May 15, 2013, and that all responses be filed within two weeks of the dispositive motions. Dkt. 130. In the same order, the court granted in part a motion to extend the discovery deadline. *Id.* The court intentionally set a short deadline for responses to dispositive motions so that the extensions to the discovery and dispositive motions deadlines would not impact the trial date. The court issued an amended scheduling order concurrently with the order extending the deadlines. Dkt. 131. The amended scheduling order states that dispositive motions must be filed by May 15, 2013, but it does not address the response

date. *See id.* Regardless, the court's order on the motions to extend the deadlines order was clear that responses were due within two weeks of the motions. *See* Dkt. 130.

On May 15, 2013, Plaintiffs filed the instant motion for partial summary judgment. Dkt. 145. Defendants also filed motions for summary judgment on May 15, 2013. Dkts. 147, 148. On May 29, 2013, which was exactly two weeks after the motions for summary judgment were filed, Plaintiffs responded to Defendants' motions. *See* Dkts. 151, 152. Defendants, however, did not file a response to Plaintiffs' motion until June 6, 2013. Dkt. 153. Concurrently with the response, Defendants filed an opposed motion for leave to file a response. Dkt. 154. In that opposed motion for leave, Defendants note that Plaintiffs are opposed to their filing the response because Plaintiffs assert that the response should have been filed by the deadline set forth in the court's April 4 order. *Id.* Defendants argue that the court should allow them to file the response because they were relying on the docket date shown on CM/ECF, which was June 6, 2013. *Id.* The CM/ECF submissions date is automatically generated and therefore not adjusted for alternative dates that the court sets. If the court issues an order specifying a certain due date, that date supersedes the automatically generated date provided on CM/ECF, just as it supersedes the due dates set forth in the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 56(b) ("*Unless* a different time is set by local rule or *the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." (emphasis added)). If Defendants were unsure which deadline applied, a call to the case manager would have quickly clarified matters. Defendants' motion for leave to file a response is DENIED.

Generally, under Local Rule 7.4, a motion to which a party does not respond is considered unopposed. *See* S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no

2

opposition."). Here, Plaintiffs have filed a motion for summary judgement requesting that the court grant summary judgment in their favor on five of Defendants' sixteen affirmative defenses. Dkt. 145 (motion); *see* Dkt. 134 (amended answer). Specifically, Plaintiffs request that the court grant summary judgment in their favor on the affirmative defenses of contributory negligence and/or assumption of risk (paragraphs 60 and 68 of the answer), limitations on liability under the Texas Tort Claims Act (paragraph 59), governmental immunity with regard to pendant state claims (paragraph 63), lack of notice pursuant to the Houston City Charter (paragraph 67), and *res judicata* and collateral estoppel (paragraph 70). Dkt. 145. Plaintiffs' motion is GRANTED, and the affirmative defenses contained in paragraphs 59, 60, 63, 67, 68, and 70 of Defendants' answer to Plaintiffs' second amended complaint are hereby DISMISSED.

Even if the court were to consider Defendants' response, the court would grant Plaintiffs' motion. In the response, Defendants stated that they were not opposed to the court granting summary judgment with regards to the affirmative defenses of contributory negligence and/or assumption of risk, limitations on liability under the Texas Tort Claims Act, lack of notice pursuant to the Houston City Charter, and *res judicata* and collateral estoppel. *See* Dkt. 153. However, Defendants argued that the court should deny Plaintiffs' request as it relates to qualified and municipal immunity. *Id.* Defendants do not assert in their response that they are entitled to qualified immunity over *pendant state claims*. *See id.* This is likely because there *are* no pendant state claims. Instead, their arguments are centered around the general qualified immunity defenses. *See id.* Plaintiffs' motion for partial summary judgment, however, specifically delineates the paragraph number of the affirmative defense relating to qualified immunity *for pendant state claims*, and the substance of the motion notes that the "Court should grant summary judgment to Plaintiffs on Defendants'

3

affirmative defenses [sic.] *regarding the non-existent pendent claims*." Dkt. 145 (emphasis added). Defendants' response does not address this issue. Thus, the result would be the same whether or not the response is considered.

## II. CONCLUSION

Plaintiffs' motion for partial summary judgment (Dkt. 145) is GRANTED. The affirmative defenses contained in paragraphs 59, 60, 63, 67, 68, and 70 of Defendants' answer to Plaintiffs' second amended complaint are hereby DISMISSED. Defendants' motion to file a response (Dkt. 154) is DENIED. The response contained at docket entry 153 is hereby STRICKEN.

It is so ORDERED.

Signed at Houston, Texas on July 2, 2013.

_____
Gray H. Miller
United States District Judge