IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA BEAN-KEMP, INDIVIDUALLY AND AS, GUARDIAN OF MECOLE ROQUES, ET AL.<br><br>VS.<br><br>CITY OF HOUSTON, ET AL. | CIVIL ACTION NO. 4:10-cv-03111<br>(JURY TRIAL DEMANDED) |

### DEFENDANTS CITY OF HOUSTON, FORMER CHIEF OF POLICE H. HURTT, AND OFFICER W. MUNOZ'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE GRAY H. MILLER:

COMES NOW, Defendants CITY OF HOUSTON, FORMER CHIEF OF POLICE HURTT, and OFFICER W. MUNOZ and file this their First Amended Answer to Plaintiffs' Second Amended Complaint (DK #132) pursuant to the Federal Rules of Civil Procedure and show:

1. Defendants are with sufficient facts or knowledge to admit or deny each and every allegation contained in the first unnumbered paragraph of Plaintiffs' Second Amended Complaint. Defendants deny that they created a dangerous roadblock and/or denied Plaintiffs of their constitutional rights including the Fourth and Fourteenth Amendments. To the extent further response is required, it is denied.

2. Defendants deny that they created a roadblock and/or unlawfully seized Plaintiffs as alleged by Plaintiffs in Paragraph 1 of Plaintiffs' Second Amended Complaint.

Defendants are without sufficient knowledge or facts to admit or deny each and every other allegation contained Paragraph 1. These defendants deny that they unlawfully seized Plaintiffs' vehicles and used them as a human shield. To the extent further response is required, it is denied.

3. Defendants deny that they acted in concert in creating a roadblock as alleged in Paragraph 2 of Plaintiffs' Second Amended Complaint. Defendants deny that they are liable to Plaintiffs and/or that their conduct shocked the conscious as alleged in Paragraph 2. To the extent further response is required, it is denied.

4. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 3 of Plaintiffs' Second Amended Complaint. These Defendants deny that they are liable as alleged by Plaintiffs. To the extent further response is required, it is denied.

5. Defendants deny they performed unconstitutional acts and/or created roadblocks. Defendants deny an injunction is proper in this case. To the extent further response is required to Paragraph 4, it is denied.

6. Defendants deny that they are liable to Plaintiffs for declaratory relief. To the extent further response is required to Paragraph 5, it is denied.

7. Defendants deny that they are liable under 42 U.S.C. §1983 as alleged in Paragraph 6 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

8. Defendants admit jurisdiction as alleged in Paragraph 7 but deny all liability in this case. To the extent further response is required, it is denied.

9. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 8 of Plaintiffs' Second Amended Complaint. These defendants deny that they are subject to declaratory action. To the extent further response is required, it is denied.

10. Defendants are without sufficient facts or knowledge to admit or deny every allegation contained in Paragraph 9 of Plaintiffs' Second Amended Complaint. Defendants admit venue, and these defendants admit that they work and/or reside in the City of Houston. To the extent further response is required, it is denied.

11. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 10 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

12. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 11 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

13. Defendants are without sufficient facts or knowledge to admit or deny every allegation contained in Paragraph 12 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

14. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

Defendants deny injunctive relief is proper and allege that Plaintiffs have failed to state a claim for such relief. To the extent further response is required, it is denied.

15. Defendants admit that the City has been served as alleged in Paragraph 14 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

16. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 15 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

17. Defendants admit that Sergeant Hatcher acted in his capacity as an HPD officer during the subject incident. To the extent further response is required to Paragraph 16, it is denied.

18. Defendants admit that Officer Munoz acted as an HPD officer during the subject incident as alleged in Paragraph 17 of Plaintiffs' Second Amended Petition. To the extent further response is required, it is denied.

19. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 18 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

20. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 19 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

21. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 20 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

22. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 21 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

23. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 22 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

24. Defendants deny each and every allegation contained in Paragraph 23 of Plaintiffs' Second Amended Complaint, and deny liability for same. To the extent further response is required, it is denied.

25. Defendants deny each and every allegation contained in Paragraph 24 of Plaintiffs' Second Amended Complaint, and deny liability for same. To the extent further response is required, it is denied.

26. Defendants deny each and every allegation contained in Paragraph 25 of Plaintiffs' Second Amended Complaint.

27. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 26 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

28. Defendants deny each and every allegation contained in Paragraph 27 of Plaintiffs' Second Amended Complaint.

29. Defendants deny each and every allegation contained in Paragraph 28 of Plaintiffs' Second Amended Complaint.

30. Defendants deny each and every allegation contained in Paragraph 29 of Plaintiffs' Second Amended Complaint.

31. Defendants deny each and every allegation contained in Paragraph 30 of Plaintiffs' Second Amended Complaint.

32. Defendants deny each and every allegation contained in Paragraph 31 of Plaintiffs' Second Amended Complaint.

33. Defendants deny each and every allegation contained in Paragraph 32 of Plaintiffs' Second Amended Complaint.

34. Defendants deny each and every allegation contained in Paragraph 33 of Plaintiffs' Second Amended Complaint.

35. Defendants deny each and every allegation contained in Paragraph 34 of Plaintiffs' Second Amended Complaint.

36. Defendants deny each and every alleged in Paragraph 35 of Plaintiffs' Second Amended Complaint.

37. Defendants deny each and every allegation contained in Paragraph 36 of Plaintiffs' Second Amended Complaint.

38. Defendants deny each and every allegation contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

39. Defendants deny each and every allegation contained in Paragraph 38 of Plaintiffs' Second Amended Complaint.

40. Defendants admit that they acted in the course and scope of their employment. Defendants deny each and every other allegation contained in Paragraph 39 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

41. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 40 of Plaintiffs' Second Amended Complaint. Defendants deny that they created a roadblock and/or that roadblocks have resulted in collisions. Defendants deny each and every allegation of seizure as alleged in Paragraph 40 of Plaintiffs' Second Amended Complaint. To the extent that further response is required to Paragraph 40, it is denied.

42. Defendants deny each and every allegation contained in Paragraph 41 of Plaintiffs' Second Amended Complaint. To the extent that further response is required to Paragraph 41, it is denied.

43. Defendants deny each and every allegation contained in Paragraph 42 of Plaintiffs' Second Amended Complaint.

44. Defendants deny each and every allegation contained in Paragraph 43 of Plaintiffs' Second Amended Complaint.

45. Defendants deny each and every allegation contained in Paragraph 44 of Plaintiffs' Second Amended Complaint.

46. Defendants deny each and every allegation contained in Paragraph 45 of Plaintiffs' Second Amended Complaint.

47. Defendants deny each and every allegation contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.

48. Defendants deny each and every allegation contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.

49. Defendants deny that Plaintiffs are entitled to the damages alleged in Paragraph 48 of Plaintiffs' Second Amended Complaint. To the extent if further response is required it is denied.

50. Defendants are without sufficient facts or knowledge to admit or deny each and every allegation contained in Paragraph 49 of Plaintiffs' Second Amended Complaint. Defendants deny they are liable for same. To the extent if further response is required it is denied.

51. Defendants deny Plaintiffs are entitled to the interest, costs, or other relief from these Defendants as alleged in Paragraph 50 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

52. Defendants deny each and every allegation contained in Paragraph 51 of Plaintiffs' Second Amended Complaint.

53. Defendants deny Plaintiffs are entitled to any recovery or declaratory relief against these Defendants as alleged. To the extent that further response to Paragraph 52 of Plaintiffs' Second Amended Complaint is required, it is denied.

54. Defendants deny Plaintiffs are entitled to any recovery or injunctive relief against these Defendants as alleged. To the extent that further response to Paragraph 53 of Plaintiffs' Second Amended Complaint is required, it is denied.

55. Defendants deny Plaintiffs' are entitled to any recovery or injunctive relief against these Defendants as alleged. To the extent that further response to Paragraph 54 of Plaintiffs' Second Amended Complaint is required, it is denied.

56. Defendants deny Plaintiffs' are entitled to any recovery or injunctive relief against these Defendants as alleged. To the extent that further response to Paragraph 55 of Plaintiffs' Second Amended Complaint is required, it is denied.

57. Defendants deny that they are liable for attorneys' fees and costs as alleged in Paragraph 56 of Plaintiffs' Second Amended Complaint. To the extent further response is required, it is denied.

58. Defendants deny each and every allegation regarding these Defendants' liability in Plaintiffs' prayer for relief including sub-part A-K. To the extent further response is required, it is denied.

## AFFIRMATIVE DEFENSES

59. Defendants specifically and affirmatively plead that Plaintiffs have failed to plead or state a claim against them under state law, that Defendants' various immunities would protect them from liability for any and all state claims, that Plaintiffs have not plead or established waiver of same, and Defendants claim all of the exemptions and exceptions from and limitations on, liability provided by the Texas Tort Claims Act, § 101.001 et seq., Civil Practices & Remedies Code.

60. The incident out of which this lawsuit grew and the consequent damages, if any, to Plaintiffs were not caused by any act of negligence either of omission or of commission on the part of these Defendants, but to the contrary, such injuries and damages alleged by Plaintiffs were directly, the sole proximate cause and/or proximately caused, by the negligence and intentional acts and/or omissions of the Catrinna Jacquel Miller, Harris County and/or its employees, deputies and/or agents including those previously named Defendants, and Plaintiffs, Mecole Roques and Dexter Sewell and/or a third party.

61. Defendants plead qualified and/or official immunity. Defendants acted as reasonable and prudent police officers and/or police chief during the subject incident.

62. For further and special answer, if the same be necessary, this Defendant, the City of Houston, would show the Court that it is a municipal corporation, functioning as such under a Special Charter granted it by the Legislature of the State of Texas, as well as by Article XI, Section 5, (the "Home Rule Amendment") of the Constitution of the State of

Texas, and the various laws of the State of Texas germane thereto; thus, as such, by the doctrine of governmental immunity, it is not obligated by law to respond in damages for its acts and/or omissions nor for those of its agents, servants, and/or employees, incident to, resulting from, or arising or developing out of its governmental functions nor may Plaintiffs' claim benefit of any waiver of such immunity.

63. With respect to the pendent state claims asserted against Defendants, if any, the Plaintiffs are not entitled to any relief against Defendants under the doctrines of governmental, qualified, official, discretionary, and/or derivative immunities.

64. Defendants specifically and affirmatively plead and claim all the exemptions and exceptions from, and limitations, on liability by official immunity, sovereign immunity, derivative, discretionary and/or governmental immunity. Defendants further allege proper use of their proper police power.

65. Defendants allege there is no policy, custom, or practice which served as the moving force behind any alleged violation, damage, or cause of action.

66. Defendants allege that at the time and on the occasion in question, these Defendants were acting in good faith, and as reasonable and prudent police officers and/or police chief under the circumstances presented to them. Any and all actions taken by these Defendants with regard to Plaintiffs were lawfully made in furtherance of effecting lawful police action.

67. For further and special answer, if the same be necessary, Defendant City of Houston says that Plaintiffs have wholly failed to meet the substantive requirements

necessary to perfect a cause of action against Defendant City of Houston, in that Plaintiffs have failed to give the Mayor and City Council of the City of Houston proper notice of the alleged occurrence as required by Article IX, Section 11, of the Charter of the City of Houston, Texas (Sp. Laws, 29th Legis. 1905, Ch.17, pg. 131, as amended by the vote of the people at different times subsequent to the effective date of Article XI, Section 5, (the "Home Rule" amendment) to the Constitution of the State of Texas), hereinafter referred to as the City Charter. Since strict compliance with the Charter notice provision is a mandatory prerequisite, substantive in nature, to the establishment of liability against said City, and since the Plaintiffs have failed to properly comply with said Charter notice requirements, in that no verified notice was filed within ninety (90) days of the accident, Plaintiffs have failed to state (or preserve) any cause of action against Defendant City of Houston. Plaintiffs also failed to provide timely notice pursuant to state law, including the Texas Tort Claims Act. Wherefore, for this additional reason, Defendants are not and cannot be liable to Plaintiffs.

68. Defendants further allege that the Plaintiffs, Catrinna Jacquel Miller, and/or those parties previously sued by Plaintiffs, including Harris County deputies, employees and/or agents and/or Deputy G. James, were contributorily negligent and/or assumed the risk for this incident.

69. Defendants further allege that the actions of these Defendants were discretionary and thus there is no liability for Plaintiffs' claims.

70. Defendants allege res judicata and collateral estoppel bar Plaintiffs' claims against these Defendants.

71. Defendants allege Plaintiffs fail to state a claim, including but not limited to Plaintiffs' theory of a state-created danger, which is not recognized as a viable cause of action.

72. Defendants allege that a new and independent cause or causes which were not reasonable foreseeable at the time destroyed the causal connection, if any, between the acts and/or omissions of these Defendants and the occurrence in question.

73. Defendants allege they were confronted by a sudden emergency which was not caused by these Defendants' negligence and/or acts which required immediate action which broke the causal connection, if any, between the acts and/or omissions of these Defendants and the occurrence in question.

74. Defendants further allege that the sole proximate cause of the subject incident was the intentional acts, suicidal acts, suicide by cop, and/or vehicular suicide of the fleeing suspect, Catrinna Jacquel Miller.

75. Defendants would show that Plaintiffs and/or their vehicle were never under the control of Defendants, nor seized by Defendants, that Plaintiffs Dexter Sewell and Mecole Roques were under the influence of illegal drugs and/or alcohol at the time of the subject incident, and that due to Plaintiffs' spoliation of Plaintiffs' vehicle and loss of the black box or computer Defendants are prevented from fully defending themselves in this case.

## JURY REQUEST

76. Defendants hereby demand trial by jury in pursuant to Federal Rules of Civil Procedure 8(b).

## PRAYER

78. WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing Plaintiffs take nothing against said Defendants by reason of this suit and that Defendants go hence without day, and that Defendants have such other relief to which they may be justly entitled.

    Respectfully submitted,

    **DAVID M. FELDMAN**
    **City Attorney**

    LYNETTE FONS
    First Assistant City Attorney for Litigation

    DONALD FLEMING
    Chief,
    Labor, Employment and Civil Rights Section

    /s/ Van Gardner
    Van Gardner
    Attorney In Charge
    TBN 07656800
    Fed. I.D. No.890
    City of Houston Attorney's Office
    900 Bagby, 3rd Floor
    Houston, TX 77002
    Tel. 832.393.6457
    Fax. 832.393.6259
    van.gardner@houstontx.gov

    **Attorneys for The City of Houston, Texas**

## CERTIFICATE OF CONFERENCE

I certify that I have spoken with attorney for Plaintiffs regarding the above First Amended Answer to Plaintiffs' Second Amended Complaint, and they do not oppose or object to the filing of same.

/s/ Van Gardner
Van Gardner
Attorney In Charge

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically through the CM/ECF system, which caused all parties by their respective counsel of record to be served by electronic transmission on this the **16th day of May, 2014**.

cc: Mr. Michael S. Callahan
Casey Michael Brown
Attorneys at Law
440 Louisiana Street, Suite 2000
Houston, Texas 77002
Via Electronic Filing

/s/ Van Gardner
Van Gardner
Attorney In Charge